David M Browne, SBN 93576
21900 Burbank Blvd.
Suite 112
Woodland Hills, CA 91367
(818) 276-1925
(310) 200-0568 cell
(818) 720-0910 facsimile
dmbrownelaw@gmail.com

Attorney for plaintiff Seid Sadat

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEID SADAT, | ) Case No. CV11- 01659 SJO(JCx) |
| Plaintiff, | ) **COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |
| v. | ) |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. aka FINRA, a corporation; OPPENHEIMER & CO., a corporation, | ) |
| Defendants. | ) |

Plaintiff Seid Sadat alleges:

### FIRST CAUSE OF ACTION

### FOR INJUNCTION AND DECLARATORY RELIEF

1. Plaintiff Seid Sadat is an individual residing in Los Angeles, County, California.

2. Defendant Financial Industry Regulatory Authority, Inc. also known as FINRA ("FINRA") is a Delaware corporation with its principal place of business in New York.

3. Defendant Oppenheimer & Co. ("Oppenheimer") is a New York corporation with its principal place of business in New York.

4. Jurisdiction exists for this proceeding pursuant to federal question jurisdiction, 28 U.S.C. Section 1331. The question presented here concerns the proper interpretation of arbitration agreements under the Federal Arbitration Act, 9 USC Section 1 et seq. and also with regard to FINRA arbitration which has been held to be exclusively the province of federal law, and which pre-empts state laws concerning the proper operation of FINRA arbitrations. Jurisdiction also exists pursuant to 28 USC Section 1332 in that there is complete diversity between the parties, and the underlying controversy that is the subject of this dispute seeks claims in excess of $3,000,000.

5. Plaintiff Seid Sadat has instituted an arbitration proceeding against Oppenheimer before FINRA based on claims arising from his securities account that he maintained with Oppenheimer. That arbitration claim is pending in Los Angeles County, California.

6. In connection with that proceeding, on or about October 14, 2010, Oppenheimer instituted various counterclaims against Sadat seeking adjudication of various claims that are unrelated to the accounts maintained by Sadat at Oppenheimer. In part, those claims included claims asserted by Oppenheimer as an assignee for which there is no agreement for such claims to be arbitrated before FINRA. Sadat has objected to the assertion of jurisdiction by FINRA of the Oppenheimer counterclaims. Presently, FINRA has indicated that it intends to allow all of the various counterclaims to be heard in the arbitration proceeding despite the lack of jurisdiction to hear those claims in the arbitration proceeding.

7. A controversy presently exists between Sadat on the one hand and FINRA and Oppenheimer on the other hand whereby FINRA and Oppenheimer maintain that the October 14, 2010 counterclaims by Oppenheimer are properly brought in the FINRA arbitration proceedings, and Sadat contends that they are not. A judicial declaration is necessary and advisable to determine the existence of jurisdiction to hear the counterclaims that are asserted in connection with the

FINRA arbitration proceedings, and to determine the extent, if any, that such claims are properly heard in the FINRA arbitration.

     8. Furthermore, Sadat is entitled to preliminary and permanent injunctive relief to prevent the counterclaims from being heard in the arbitration matter. WHEREFORE, Sadat prays for relief as follows:

     1. For a declaratory judgment that the Oppenheimer counterclaims filed with FINRA against Sadat on or about October 14, 2010 are not properly before FINRA, and FINRA has no jurisdiction to hear some or all of the counterclaims that are asserted.

     2. For a preliminary and permanent injunction preventing FINRA from asserting jurisdiction over some or all of the counterclaims, and barring proceedings before FINRA concerning such claims for which there is no jurisdiction.

     3. For costs of suit.

     4. For such other and further relief as the court deems just and proper.

Dated: February 14, 2011

David M. Browne
Attorney for plaintiff Seid Sadat