UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:11-cv-01659-SVW -JC | Date | December 8, 2011 |
|---|---|---|---|
| Title | Sadat v. Financial Industry Regulatory Authority, Inc. et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**     IN CHAMBERS ORDER Re Defendant Oppenheimer's Motion to Dismiss [37] [39]

## I.   INTRODUCTION

Plaintiff filed the instant action on February 24, 2011 seeking declaratory and injunctive relief. Specifically, Plaintiff claims that certain counterclaims brought by Defendant Oppenheimer & Co. Inc. ("Oppenheimer") in an arbitration action between the parties are not subject to that arbitration.  On August 11, 2011, Defendant Oppenheimer filed the instant Motion to Dismiss.  Defendant's Motion is GRANTED for the reasons set forth in this Order.  The hearing scheduled for Monday December 12, 2011 at 1:30p.m. is hereby VACATED.

## II.   FACTUAL BACKGROUND[1]

Plaintiff alleges that he instituted an arbitration proceeding in Los Angeles County against Defendant Oppenheimer before Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"). (Compl. ¶ 5).  The arbitration involves claims arising from a securities account that Plaintiff maintained with Defendant Oppenheimer.  (Id.).  Plaintiff alleges that, on or around October 14, 2010, Defendant

---

[1] It should be noted that Plaintiff's Opposition to Defendant Oppenheimer's Motion to Dismiss contains far more factual detail than Plaintiff's scant 3-page Complaint.  However, for purposes of Defendant's Motion, the Court is confined to the pleadings and cannot consider facts or evidence introduced for the first time in the motion briefing.  See, e.g. Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1075 (C.D. Cal. 1994); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:11-cv-01659-SVW -JC | Date | December 8, 2011 |
|---|---|---|---|
| Title | Sadat v. Financial Industry Regulatory Authority, Inc. et al | | |

## JS - 6

Oppenheimer instituted counterclaims against Plaintiff "seeking adjudication of various claims that are unrelated" to Plaintiff's accounts with Defendant Oppenheimer.  (Id. ¶ 6).  Plaintiff alleges that Defendant Oppenheimer asserted those counterclaims "as an assignee for which there is no agreement for such claims to be arbitrated before FINRA."  (Id.).  Therefore, Plaintiff claims that Defendant FINRA improperly asserted jurisdiction over Defendant Oppenheimer's counterclaims.  (Id. ¶¶ 6-7).

**III.    LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party.  Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).  While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

//
//

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:11-cv-01659-SVW -JC | Date | December 8, 2011 |
|---|---|---|---|
| Title | Sadat v. Financial Industry Regulatory Authority, Inc. et al | | |

JS - 6

**IV.   DISCUSSION**

  The Court concludes that Defendant's Motion should be granted because: (1) Plaintiff's Complaint does not adequately allege subject matter jurisdiction; and (2) Plaintiff's Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted).

  **A. Subject Matter Jurisdiction**

  First, Plaintiff's Complaint presents no independent basis for subject matter jurisdiction. As Defendant Oppenheimer notes, the Federal Arbitration Act ("FAA") does not provide a separate basis for federal subject matter jurisdiction. See, e.g. Jimenez v. NASD, 2008 U.S. Dist. LEXIS 40324, *6–7 (N.D. Cal. May 5, 2008) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983)); see also Vu Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004). Furthermore, a request for declaratory relief pursuant to the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. See Howard v. Am. Online Inc., 208 F.3d 741, 754 (9th Cir. 2000) ("A request for declaratory judgment does not provide an independent basis for federal jurisdiction."); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950). Finally, Plaintiff concedes in his Opposition that his Complaint does not contain sufficient facts supporting diversity jurisdiction. (Opp. at 6).

  Accordingly, because Plaintiff's Complaint fails to adequately allege subject matter jurisdiction, Defendant's Motion is hereby GRANTED without prejudice.

  **B. Adequacy of Plaintiff's Complaint under Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)**

  Plaintiff's entire Complaint consists of twelve paragraphs. Without providing any factual detail, Plaintiff simply states that he and Defendant Oppenheimer are involved in an arbitration proceeding before Defendant FINRA, and that Plaintiff believes that "various counterclaims" brought by Defendant Oppenheimer should not be heard in the arbitration proceeding. (Compl. ¶ 6). While Plaintiff alleges that Defendant Oppenheimer asserted the counterclaims at issue "as an assignee for which there is no agreement for such claims to be arbitrated before FINRA," Plaintiff has provided no detail as to the nature of that assignment. (Id.). In addition, Plaintiff's Complaint alleges that "FINRA has no jurisdiction to hear *some or all* of the counterclaims that are asserted." (Id. at 3:10-13).

  While Plaintiff attempts to cure these deficiencies by providing additional detail in his Opposition, the question before the Court on a motion to dismiss is whether the Complaint itself

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | No. 2:11-cv-01659-SVW -JC | Date | December 8, 2011 |
|---|---|---|---|
| Title | Sadat v. Financial Industry Regulatory Authority, Inc. et al | | |

JS - 6

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (internal citation omitted). In other words, for purposes of Defendant's Motion, the Court is confined to the pleadings and cannot consider facts or evidence introduced for the first time in the motion briefing. See, e.g. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). The Court concludes that Plaintiff's extremely brief Complaint does not meet the standard set forth in Iqbal.

     Accordingly, Defendant's Motion is hereby GRANTED without prejudice on this basis as well.

**V.     CONCLUSION**

     Defendant Oppenheimer's Motion is hereby GRANTED for the reasons set forth in this Order. The hearing scheduled for Monday December 12, 2011 at 1:30p.m. is hereby VACATED.

|  | : |
|---|---|
| Initials of Preparer | PMC |